**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **CARMELA SANCHEZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 24 C 1592** |
| | ) | |
| **CHICAGO TRANSIT AUTHORITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

Carmela Sanchez formerly worked for the Chicago Transit Authority. She has filed a *pro se* lawsuit against the CTA in which she appears to assert claims for violation of the Americans with Disabilities Act, the Family Medical Leave Act, and Title VII of the Civil Rights Act of 1964. The CTA has moved to dismiss Ms. Sanchez's claims for failure to state a claim upon which relief may be granted.

Ms. Sanchez says she worked as a transit system safety officer. In February 2022, while conducting a safety inspection at the Montrose elevated train station, Ms. Sanchez saw a passenger commit suicide by jumping in front of an incoming train. She alleges that as a result, she suffered from emotional distress, post-traumatic stress disorder, and insomnia for which she had to undergo therapy and, possibly, hospitalization. Ms. Sanchez says that she sought medical leave but was denied and that the CTA did not offer her any accommodation. She evidently hired a worker's compensation lawyer who may have filed a claim for compensation on her behalf, but this lawyer did not advise her about filing deadlines for any other sorts of claims she

might be able to file.

Ms. Sanchez alleges that on August 22, 2022, she received a "five day letter" saying that she was considered to be absent without leave and giving her five working days to report "to discuss this serious violation of company rules." The CTA's letter, which Ms. Sanchez has provided, says that she had made a request for an accommodation, which had been denied, and that she had not provided medical documentation sufficient to support her continued absence from work. Ms. Sanchez says that in response, she provided a note from her therapist regarding her ongoing treatment.

On the same day, Ms. Sanchez received an email and letter denying her request for a religious accommodation related to the COVID-19 vaccine. The CTA's letter stated that her request "does not substantiate a sincerely held religious belief or moral conviction that conflicts with CTA's requirement that all employees be fully vaccinated against COVID-19." The letter said that she was required to comply with the vaccination policy.

Ms. Sanchez alleges that she received a second "five day letter" on September 29, 2022. She contacted her general manager and provided another copy of the same medical note that she had given previously. On November 3, 2022, however, she received a notice of discharge dated October 31, 2022. She alleges that she requested a hearing to appeal the discharge. The hearing was not held until April 24, 2023. She received notice of a decision sustaining her discharge on October 13, 2023.

Ms. Sanchez filed a charge with the Illinois Department of Human Rights and Equal Employment Opportunity Commission on October 25, 2023. She alleged

violations of the ADA consisting of denial of a reasonable accommodation, improper discharge, and retaliation. It does not appear that Ms. Sanchez filed any sort of EEOC/IDHR charge regarding the denial of her request for a religious exemption or accommodation from the CTA's COVID-19 vaccination requirement—though, that aside, it does not appear that her noncompliance with the vaccination requirement played any role in her discharge.

The CTA has moved to dismiss. It contends that Ms. Sanchez's ADA claims are time-barred because she did not file her IDHR/EEOC charge in a timely fashion; she does not sufficiently allege that she had a disability as the law defines that term or that she experienced discrimination; her Title VII religious discrimination claim is precluded due to her failure to file an IDHR/EEOC charge addressing that point; and that she has not adequately alleged a violation of the FMLA. In considering the CTA's motion, the Court reads Ms. Sanchez's complaint liberally and takes her factual allegations as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**1. ADA claims**

Before filing an ADA claim in court, a plaintiff must exhaust administrative remedies by filing a charge of discrimination with the EEOC and obtaining a notice of right to sue. *See* 42 U.S.C. § 12117(a) (adopting Title VII enforcement procedures for ADA claims); *id.* § 2000e-5(f)(1) (requiring administrative exhaustion before suit is filed); *Riley v. City of Kokomo*, 909 F.3d 182, 189 (7th Cir. 2018) ("An ADA plaintiff must file a charge with the EEOC before bringing a court action against an employer.").

The plaintiff must file her EEOC charge within 300 days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e-5(e)(1). Ms. Sanchez received her

notice of discharge on November 3, 2022. She did not file her EEOC charge until October 25, 2023, which was 356 days later.

Ms. Sanchez's submissions identify only two possible bases upon which her EEOC charge could be considered timely. First, she points out that her discharge was not upheld on appeal until October 13, 2023. Second, she says that she was not aware of the 300-day deadline and that her worker's compensation lawyer did not advise her of the deadline or the need to file an EEOC charge.

Neither of these arguments saves Ms. Sanchez's ADA claims from being untimely. First, the law is clear that the 300-day clock starts to run when the discharge decision is made, not when it is reviewed or upheld on appeal. *See, e.g., Del. State Coll. v. Ricks*, 449 U.S. 250, 261 (1980); *Soignier v. Am. Board of Plastic Surgery,* 92 F.3d 547, 553 (7th Cir.1996) (a failed internal appeal is not a fresh act of discrimination and therefore does not affect the date on which a plaintiff's claim accrues). In other words, the 300-day period for Ms. Sanchez to file an EEOC charge regarding her discharge started to run, at the latest, on November 3, 2022, when she was advised of the decision, and it expired more than fifty days before she filed her charge on October 25, 2023.

Second, the non-advice (or bad advice) from Ms. Sanchez's worker's compensation lawyer about the need to file an EEOC charge and the timing for doing so does not assist her and, specifically, does not serve to extend or toll the 300-day period. *See, e.g., Schmidt v. Wis. Div. of Vocational Rehab.*, 502 F. App'x 612, 614 (7th Cir. 2013) (mistake of law does not excuse noncompliance with statute of limitations); *Lee v. Cook County*, 635 F.3d 969, 972 (7th Cir. 2011) ("A lawyer's ineptitude does not support

4

equitable tolling" of the statute of limitations).

For these reasons, Ms. Sanchez's ADA claims are time-barred and are therefore dismissed with prejudice.

**2.    Religious discrimination claim**

It is undisputed that Ms. Sanchez did not file an EEOC or IDHR charge at all regarding her claim of religious discrimination arising from the CTA's application of its COVID-19 vaccination policy.  That claim is therefore dismissed for failure to exhaust administrative remedies.

**3.    Family Medical Leave Act claim**

The Court overrules the CTA's motion to dismiss Ms. Sanchez's FMLA claim. Her complaint, which includes the exhibits Ms. Sanchez has submitted in support, includes sufficient allegations that she was eligible for FMLA protection, was entitled to leave due to her health issues, requested leave, and was denied leave.

## Conclusion

For the reasons stated above, the Court grants defendant's motion to dismiss [16] in part and denies it in part.  Plaintiff's claims under the Americans with Disabilities Act are dismissed with prejudice due to noncompliance with the statute of limitations, and her claim of religious discrimination under Title VII of the Civil Rights Act of 1964 is dismissed for failure to exhaust administrative remedies.  Defendant's motion to dismiss is denied with respect to plaintiff's claim under the Family Medical Leave Act.  By separate order, the Court will recruit counsel to represent plaintiff.

Date:  March 18, 2025

_____

MATTHEW F. KENNELLY
United States District Judge